UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LANCE HOWARD, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-02688-TWP-MPB |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) |
| Defendant. | ) |

**Entry Granting *In Forma Pauperis* Status,
Dismissing Complaint, Denying Other Pending Motions, and
Directing Plaintiff to Show Cause**

This matter is before the Court on several pending motions filed by Plaintiff, Lance Howard ("Howard"), an Indiana inmate incarcerated in the New Castle Correctional Facility. Howard commenced this action on August 8, 2017, with a complaint against the Indiana Department of Correction. He also seeks leave to proceed *in forma pauperis*, has requested the issuance of a subpoena, and moves for a preliminary injunction and temporary restraining order. The Court makes the following rulings.

### B. *In Forma Pauperis* Status

Plaintiff's motion for leave to proceed *in forma pauperis*, dkt. [9], is **granted**. The assessment of even an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre-payment* of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Screening of the Complaint

### B. Legal Standard

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)).

The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B. Plaintiff's Complaint

Howard's complaint is more of a daily diary of what has happened to him from the date of his state sentencing proceeding in May 2017, his arrival at the Department of Correction at the

Reception Diagnostic Center, his first assignment to the Plainfield Correctional Facility, and then an emergency transfer to the New Castle Correctional Facility, which is his current facility. The chronology of events lists numerous persons, but the named defendant in the complaint is the Indiana Department of Correction (IDOC). The complaint begins with an assertion that the IDOC falsified a pre-sentence investigation by including an active Wisconsin warrant for a felony strangulation charge. That caused plaintiff's security classification to be set at Level 2 instead of Level 1. Plaintiff contends the warrant is not outstanding (or still active) and was for a misdemeanor. If it had not been falsified on his presentence investigation, he would have received a Level 1 security classification, and would not have been sent to Plainfield.

Plaintiff believes he should not have been at Plainfield (which is a Level 2 facility). Plaintiff's complaint enumerates a litany of things, each very briefly, that happened to him while there: His cell door was opened without his permission; he lost a fingernail in a cell door and had to be sent to medical; medical staff would not send him to an emergency room or x-ray his finger; medical bandaged his finger before it could be photographed; a nurse falsified his medical record to show more Tylenol had been given to him than what the doctor ordered; staff were not responsive to his grievances; staff mishandled grievances; staff had him re-write a grievance; staff ignored his assertions that his security level assignment was an error; staff in the classification office did not respond to his notifying them of the classification error; a guard had a hot dog dangling from a string on the front of his pants; staff threatened him with a write-up if he maintained his grievance about the hot dog; and more.

At some point while at Plainfield, plaintiff cut himself on the chest with a razor, and sometime thereafter cut his left arm. Staff treated it as a suicide attempt and kept him in observation and in restraints, and he was soon transferred to his present facility, the New Castle Correctional

Facility. There, he was placed in a padded observation cell and continuously watched, sometimes by other inmates. He complains that in the observation cell, and while restrained, he was unable to wash his hands after relieving himself. The complaint continues with plaintiff's litany of wrongs committed against him while at the New Castle Correctional Facility.

All of these events, and several other wrongs of a similar nature that plaintiff has suffered allegedly resulted from the erroneous security level classification. Plaintiff seeks monetary damages, a declaratory judgment, and injunctive relief.

**C.     Analysis**

Applying the standard of review set forth above to the complaint, plaintiff's complaint is deficient for the following reasons.

The complaint is seventeen pages, single-spaced, and handwritten. It does not comply with Rule 8(a) of the Federal Rules of Civil Procedure that requires a complaint to contain "a short and plain statement" of the claim.

The named defendant, the IDOC, is not a suable entity. The IDOC is an agency of the State of Indiana. The State of Indiana cannot be sued in federal court as states are generally immune from suit under the Eleventh Amendment – including claims for monetary relief for payments already made, declaratory relief, and injunctive relief. *Darne v. State of Wis. Dep't. Of Rev.*, 137 F.3d 484, 487-88 (7th Cir. 1998).

None of the incidents plaintiff complains about state a claim upon which relief can be granted. Almost none of the incidents contains the name of an actor. Instead, the conduct is attributed to the IDOC, staff, or nobody (for instance, plaintiff complains that a new cell he was placed in was not cleaned after its last occupant left, but the failure to have it cleaned is not blamed on any person. When a person is named, however, the conduct ascribed to them does not state a

claim viable in a 42 U.S.C. § 1983 action (for example, Dr. Howard promised him copies of certain records but never followed through; Todd in the Classification Office did not respond to plaintiff's message about a classification error; Officer Shaw did not let plaintiff go to the law library on a certain day).

There are approximately fifty incidents described, occurring at three different facilities, involving a host of unnamed and named persons. Several of the incidents are somewhat related, but still do not state claims for relief. For instance, some of plaintiff's incidents concern his belief that IDOC staff mishandled his grievances or failed to appropriately respond to them. These incidents are not viable Section 1983 claims. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011).

And the genesis of plaintiff's claims, that IDOC falsified his presentence investigation report to cause a higher security classification, is itself not a viable constitutional claim. Other than when a "supermax" type prison facility is at issue, the Constitution does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement. *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976) (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose").)

Even if plaintiff's allegations did state claims, or some of them did, the complaint would nevertheless violate the joinder of claims limitation proscribed in the Federal Rules of Civil

Procedure. "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 20 of the Federal Rules of Civil Procedure allows joinder of multiple defendants only when 1) the allegations against them involve the same transaction or occurrence and, 2) common questions of fact and law will arise as to all defendants. *George* instructs that such buckshot complaints be rejected. 507 F.3d at 607.

For these reasons, plaintiff's complaint is dismissed for failure to state claim upon which relief can be granted. 28 U.S.C. § 1915A.

### III. Opportunity to Show Cause

Although the Court has dismissed the complaint because it does not comply with Rules 8 and 20 of the Federal Rules of Civil Procedure, it is important to note that the Court has also been unable to discern a viable claim in the complaint. With this in mind, the Court will nevertheless permit plaintiff an opportunity to re-plead and file an amended complaint, guided by certain principles.

If plaintiff can identify more than one incident and name individuals and state a viable constitutional claim for each incident, these different incidents generally must be brought in separate actions. Plaintiff should pay particular attention to *Fed. R. Civ. P.* 18(a) which provides that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. "Unrelated claims against different defendants belong in different suits. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Joinder of multiple defendants into one action is proper only if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a). In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances.

Plaintiff is cautioned that any amended complaint he elects to file will be subject to the screening requirements of 28 U.S.C. § 1915A. A complaint that fails to state a claim upon which relief can be granted will be dismissed, and will subject plaintiff to the provisions of the "three strike" rule. If plaintiff accumulates three or more civil actions that are filed while he is a prisoner and that are dismissed for (a) failure to state a claim upon which relief can be granted, (b) being frivolous, or (c) being malicious, he will thereafter be barred from bringing any other suit *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To summarize, if plaintiff elects to file an amended complaint or complaints, each separate amended complaint shall be guided by these concepts:

> 1. The amended complaint shall be a single document, in which all claims against all intended defendants are asserted.
> 2. If plaintiff asserts claims against more than one defendant in an amended complaint, it must be evident that the defendants he names participated in the same transaction or series of transactions or that a question of fact is common to all defendants. *George*, 507 F.3d at 607.
> 3. The form of the amended complaint shall comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure that: (a) pleadings contain "**a short and plain statement of the claim** showing that the pleader is entitled to relief. . ."; (c) the amended complaint is to identify what legal injury plaintiff claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint shall contain a clear statement of the relief which is sought.
> 4. When the amended complaint is filed, it shall be subject to the screening required by 28 U.S.C. 1915A. After this step has been completed, the court will issue whatever further order is warranted.

Plaintiff may have through **September 29, 2017**, in which to either file an amended complaint, or to otherwise show cause why this entire action should not be dismissed. The failure to either show cause why this action should not be dismissed or to file an amended complaint or complaints that comply with Fed. R. Civ. P. 8(a), 18, and 20 will result in the dismissal of this action without further notice.

## IV. CONCLUSION

Plaintiff's motion for leave to proceed *in forma pauperis*, dkt. [9], is **granted**. For the reasons stated above, the complaint is **dismissed without prejudice**, for failure to state a claim and Plaintiff has until September 29, 2017 to file an amended complaint or otherwise show cause why the action should not be dismissed with prejudice. Because there is no pending lawsuit before the Court, plaintiff's motion to subpoena, dkt. [8], is **denied**. The motion for a preliminary injunction and a temporary restraining order, dkt. [10], is also **denied**.

**IT IS SO ORDERED**.

Date: 9/1/2017

*[Signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lance Howard
250494
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362