UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LANCE HOWARD, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-02688-TWP-MPB |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) |
| Defendant. | ) |

**Entry on Plaintiff's Motion to File an Amended Complaint,
Severing Misjoined Action, Screening Amended Complaint,
Directing Issuance and Service of Process,
and Denying Motion to Subpoena and Motion to Appoint Counsel**

This matter is before the Court on several pending motions and other related matters. The Court will address the matters below.

### I. Motion for Leave to File Amended Complaint

Plaintiff's September 19, 2017, motion for leave to file an amended complaint, dkt. [22], is **denied as moot**. In the Court's Entry of September 16, 2017, plaintiff was granted leave to file an amended complaint. **The clerk is directed** to modify the docket to reflect that docket entry 22 is an amended complaint. This is the operative complaint.

### II. Severance of Misjoined Claim

The amended complaint presents two misjoined claims. The first is an Eighth Amendment cruel and unusual punishment claim against Officer Criss Donald for injuries sustained to plaintiff's hand on June 12, 2017. The second is an Eighth Amendment deliberate indifference to serious medical needs claim against RN Katherine James and LPN Loretta for failing to send plaintiff to an outside emergency room for treatment of his hand injuries and for failing to treat his

hand injury pain. This claim also arose on June 12, 2017. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals explained that "[u]nrelated claims against different defendants belong in different suits." *See also Fed. R. Civ. P.* 21. This action will concern the first presented claim against Officer Criss Donald. The claims against RN Katherine James and LPN Loretta will be severed into a separate action.

**The clerk is directed** to open a new action in the Indianapolis Division as follows:

a. Lance Howard shall be the plaintiff.

b. The Nature of Suit shall be 555.

c. The Cause of Action of each of the newly opened actions shall be 42:1983pr.

d. The amended complaint in this action, dkt. [22], shall be filed and re-docketed as the complaint in the new action. Howard's request to proceed *in forma pauperis*, dkt. [9], shall likewise be re-docketed in the new action.

e. A copy of this Entry shall be docketed in the new action.

f. The defendants in the new action shall be RN Katherine James and LPN Loretta.

g. The assignment of judicial officers shall be by random draw.

h. The complaint in the new action shall be subject to screening pursuant to 28 U.S.C. § 1915A.

### III. Screening of the Amended Complaint

Plaintiff's amended complaint, addressed as discussed above, concerns only the claim that Officer Criss Donald inflicted cruel and unusual punishment on plaintiff when Donald opened plaintiff's cell door without permission and seriously injured plaintiff's hand. This claim must be screened pursuant to 28 U.S.C. § 1915A.

A. Screening Legal Standard

Because plaintiff is a prisoner, § 1915A directs the court to dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which

relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting *Fed. R. Civ. P.* 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). The Court construes pro se pleadings liberally, and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

B. Analysis

Construing the complaint liberally, as the Court is required to do, it states an Eighth Amendment claim against Officer Criss Donald and **shall proceed**. "Infliction of pain that is 'totally without penological justification' is per se malicious." *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) (quoting *Hope v. Pelzer*, 536 U.S. 730, 737 (2002)), in turn quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

The complaint mentions in a section labelled "Defendants" the Superintendent and the Reception Diagnostic Center. No allegations are made against either, and no discernable claim

against either is found in the complaint. **The complaint is dismissed against** the Superintendent and the Reception and Diagnostic Center. **The clerk is directed** to update the docket to reflect that Officer Criss Donald is the only defendant in this action.

### IV. Issuance and Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Officer Criss Donald in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [22], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

### V. Motion to Subpoena

Plaintiff's motion to subpoena, dkt. [19], is **denied** as premature. Once defendant has appeared plaintiff may serve appropriate discovery seeking relevant information.

### VI. Motion to Appoint Counsel

Plaintiff's motion to appoint counsel, dkt. [21], is **denied** without prejudice as premature. Defendant has not yet been served nor answered. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

### VII. Changes of Address

Plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to communicate with pro se plaintiffs through the United States postal system. If plaintiff fails to keep the Court informed of his current address, this action will be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**SO ORDERED**.

Date: 9/21/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Lance Howard
250494
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

By Electronic Service to Indiana Reception and Diagnostic Center:
    Officer Criss Donald